HOLMES *v.* HOLMES.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.
   In a suit by a wife for divorce record *held*, to show that defendant has been guilty of extreme and repeated cruelty toward plaintiff.

2. SAME—ALIMONY.
   Where defendant was possessed of property worth approximately $608,000, an award of alimony in gross, to be paid in installments, aggregating $150,000, *held*, equitable.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted April 23, 1924. (Docket No. 122.) Decided June 2, 1924.

Bill by Alice M. Holmes against John H. Holmes for a divorce. From a decree for plaintiff, both parties appeal. Modified and affirmed.

*Dohany & Dohany*, for plaintiff.
*Percy W. Grose*, for defendant.

CLARK, C. J.    Plaintiff was decreed divorce, and alimony in gross, to be paid in installments, aggregating $150,000.    Both parties have appealed.    Defendant's appeal presents three questions:

1. That cause for divorce was not established.    It will serve no good purpose to particularize the evidence in this regard.    The record shows that defendant has been guilty of extreme and repeated cruelty toward plaintiff.

2. That defendant's motion for rehearing ought to have been granted.    He, supported somewhat by other witnesses, testified at length respecting the claimed cause for divorce, but did not dispute evidence, adduced by plaintiff, of value and quantity of his property.    He was represented by experienced counsel, and having employed other counsel, now seeks rehearing that he may put in further evidence on both branches of the case.    The motion is supported by affidavits purporting to set forth the substance of such further evidence.    Judge Dingeman found it unnecessary to pass on the question of whether he might entertain the motion after appeal had been claimed, and we do not consider it.    He denied the motion on the merits and also stated, correctly we think, that, had such evidence been received and considered, it would not have changed the result.    And the showing does not excuse failure to present evidence available at the time of the hearing. The order of denial is right, and it will stand.

3. That the award of alimony is excessive in amount.    The marriage was in 1902, when plaintiff was 28 years of age and defendant 52.    They separated in March, 1923.    No children were born to them.    They adopted and reared a boy, who was 19 years of age at the time of the trial, September, 1923.    Plaintiff contributed no money or property, and has no property of her own.    Wealth came to defendant chiefly by increase in value of real estate.

The record shows that his holdings at time of the hearing were approximately,—

| | |
|---|---:|
| Real estate | $580,000 |
| Cash and bonds | 28,000 |
| Total | $608,000 |

It also appears that the real estate, though rented, does not yield a net return commensurate with its value.     But it has yielded net sums from which the parties have lived and from which savings have been made.     The record discloses that plaintiff has done all that ought, reasonably, to be required of her, both as a wife and as a mother of the adopted son.     The record affords no justification of defendant's cruelty, by which, aided by natural causes, plaintiff's health has been impaired seriously and probably permanently. Considerations which guide courts to a determination in these cases are fully discussed in *Bialy* v. *Bialy*, 167 Mich. 559 (Ann. Cas. 1913A, 800), and need not be repeated here.     So guided, and upon full consideration of the facts, we conclude that the decree is equitable.

Plaintiff by her appeal contends that the award is insufficient.     What has been said disposes of her contention.     Delay, caused by appeal, requires that the decree, as to time for payment of the alimony, be modified.     Defendant will have reasonable time for payment, which, if not agreed upon by counsel, may be fixed upon settlement of the decree.

So modified, the decree is affirmed.     Both parties having appealed, no costs will be awarded.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.